UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOSE A. GRACIANO, SR.,

*Plaintiff,*

v.

WYNN MASSACHUSETTS, LLC, d/b/a ENCORE BOSTON HARBOR,

JENNY HOLADAY, DOUGLAS WILLIAMS, GEORGE MAGEE, MICHELLE MCMAHON

*Defendants.*

FEB 18 2025 PM 12:05
FILED-USDC-CT-HARTFORD

Case No. _____

# COMPLAINT

## I. INTRODUCTION

1. This lawsuit exposes how Wynn Resorts Massachusetts, LLC (d/b/a Encore Boston Harbor) abused its power to manipulate legal proceedings, obstruct justice, and deprive Plaintiff of his civil rights.

2. Plaintiff, an experienced casino professional, was denied promotions, retaliated against, suspended, and ultimately terminated in response to his refusal to engage in employer misconduct and his decision to report racial discrimination.

3. Wynn Resorts Massachusetts, LLC used its influence to control the Massachusetts Commission Against Discrimination (MCAD) and collaborated with Plaintiff's own legal counsel, Rodman Law, to fabricate legal filings, delay investigations, and eliminate any chance for Plaintiff to obtain a fair review of his claims.

1

4. This case is not just about workplace discrimination; it is about corporate abuse of power, government collusion, and obstruction of justice designed to protect a major employer from liability.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction under **28 U.S.C. § 1331** (federal question jurisdiction) because

6. Plaintiff's claims arise under **Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.), 42 U.S.C. § 1981**, and **42 U.S.C. § 1985**.

7. Venue is proper under **28 U.S.C. § 1391(b)** because Plaintiff resides in Connecticut, and the retaliation and reputational harm inflicted by Defendant continue to affect Plaintiff within this district.

## III. PARTIES

7. Plaintiff Jose A. Graciano, Sr., is a U.S. citizen and a highly skilled casino professional with over 35 years of experience who was employed by Defendant at Encore Boston Harbor from 2019 until his wrongful termination in 2021.

8. Defendant, Wynn Massachusetts, LLC, d/b/a Encore Boston Harbor, Jenny Holaday, Douglas Williams, George Magee, Michelle McMahon. Wynn Mass. is a major casino and hospitality company that exerts considerable influence over legal, political, and regulatory entities in Massachusetts.

## IV. FACTUAL ALLEGATIONS

9. Racial Discrimination in Promotions (2019)

10. In July and December 2019, Plaintiff applied for two full-time Pit Manager positions.

11. Plaintiff was the most qualified candidate but was denied both promotions, while non-Hispanic employees with less experience were selected.

2

12. At the time, no Latino employees held full-time Pit Manager roles a clear pattern of racial exclusion.

13. Douglas Williams, Vice President of Table Games, explicitly admitted that Plaintiff's Spanish-speaking ability was considered in hiring but ignored in promotions.

14. Key Evidence:

15. Exhibit A – Douglas Williams' Discriminatory Statements on Hiring & Promotions.

16. Exhibit B – List of Full-Time Pit Managers (Showing No Latino Employees).

17. Laws Violated:

18. Title VII of the Civil Rights Act (42 U.S.C. § 2000e-2).

19. 42 U.S.C. § 1981 – Racial Discrimination in Employment.

20. Retaliation After Plaintiff Refused to Participate in Employer Misconduct (2020)

21. On August 5, 2020, Douglas Williams pressured the Plaintiff to go to HR and falsely accuse a colleague, Maryann Smith, of fabricating a sexual harassment complaint simply because she was resentful about not receiving a promotion.

22. **Plaintiff refused to comply, after which he immediately experienced a Hostile Work Environment.**

23. Retaliation may include reduced shifts and heightened scrutiny.

24. Key Evidence:

25. Exhibit C – Plaintiff's Statement About Douglas Williams' Retaliatory Conduct.

26. Exhibit D – HR Complaint Filed by Maryann Smith.

27. Laws Violated:

28. Title VII of the Civil Rights Act (42 U.S.C. § 2000e-3) – Retaliation.

29. Retaliatory Suspension & Termination

30. On November 4, 2020, Plaintiff filed a formal retaliation complaint with Employee Relations.

31. Plaintiff engaged in a protected activity under Title VII and Section 1981.

32. Two weeks later, on November 18, 2020, Plaintiff was placed on "Suspension Pending" despite having no prior progressive disciplinary history.

33. The plaintiff was placed on suspension pending an investigation into fabricated allegations of falsifying the Player's rating (theft).

34. Wynn Resorts refused to provide unmistakable evidence supporting the suspension and misuse of Massachusetts Gaming Commission regulations to prevent Plaintiff from obtaining surveillance footage evidence as mandated by the F.R.C.P.

35. This was the first significant adverse employment action taken against the Plaintiff after he filed his retaliation complaint. It involved emails between Mr. Williams and Ms. Holaday coordinating the suspension and termination.

36. Attorney Sarah Affel attempted to capitalize on these fabricated allegations by drafting a fraudulent stipulation to trick Mr. Graciano into admitting these false accusations. This was a clear violation of the Court's order, which explicitly required a stipulation confirming that NO evidence existed of collusion or fraud by Mr. Graciano. Ms. Affel's deliberate attempt to mislead Mr. Graciano and the Court constitutes fraud upon the court.

37. The plaintiff was officially terminated on January 21, 2021, under fabricated allegations.

38. Key Evidence:

39. Exhibit E – Plaintiff's Formal Retaliation Complaint (Filed Nov. 4, 2020).

40. Exhibit F – Suspension memorandum (Nov. 18, 2020).

4

41. Exhibit G – Internal Wynn Resorts Emails Showing Pre-Planned Termination.

42. Laws Violated:

43. 42 U.S.C. § 1981 – Retaliatory Employment Actions.

44. Plaintiff engaged in a protected activity under Title VII and Section 1981

## V. CAUSES OF ACTION (COUNTS)

### COUNT I – RACIAL DISCRIMINATION (Title VII, 42 U.S.C. § 2000e-2)

45. Plaintiff was denied promotions based on race.

46. Defendant engaged in a **pattern of excluding Latino employees from leadership roles**.

### COUNT II – RETALIATION (Title VII, 42 U.S.C. § 2000e-3)

47. Plaintiff engaged in a **protected activity by filing discrimination and retaliation complaints**.

48. **Within weeks, the Plaintiff was suspended and later terminated**, proving **causation**.

### COUNT III – WRONGFUL TERMINATION (42 U.S.C. § 1981)

49. Defendant used **fabricated disciplinary claims to justify Plaintiff's termination**.

50. Internal emails prove **the decision to fire Plaintiff was made before any investigation**.

### COUNT IV – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS (42 U.S.C. § 1985)

51. Wynn Resorts **colluded with MCAD and Plaintiff's legal counsel (Rodman Law) to create procedural obstacles preventing Plaintiff from obtaining justice**.

52. **A fraudulent second MCAD case was created to erase the Plaintiff's first valid complaint.**

5

53. **Key Evidence:**

54. **Exhibit H – MCAD Complaint Filed on Jan. 8, 2021.**

55. **Exhibit I – Second Fraudulent MCAD Case (Filed Oct. 25, 2021).**

## VI. DAMAGES REQUESTED

56. **Back Pay (5 Years @ $100,000/year): $500,000**

57. **Future Lost Wages (10 Years $100,000/year): $1,000,000**

58. **Lost Bonuses & Benefits: $250,000**

59. **Emotional Distress: $2,000,000**

60. **Damage to Reputation: $1,500,000**

61. **Punitive Damages for Corporate Misconduct: $3,000,000**

62. **TOTAL DAMAGES REQUESTED: $7,350,000**

## VII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

1. **Award full compensatory and punitive damages.**

2. **Issue an injunction preventing further discriminatory practices.**

February 18, 2025,

Respectfully submitted
Jose A. Graciano Sr.
20 Tremont Street
Waterford Ct. 06385
Cell 860-373-0496
jmgraciano02@gmail.com

*/s/ Jose A. Graciano Sr.*
Jose A. Graciano Sr.