UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSE A. GRACIANO, SR.,<br><br>    Plaintiff,<br><br>v.<br><br>WYNN MASSACHUSETTS, LLC, d/b/a ENCORE BOSTON HARBOR, JENNY HOLADAY, DOUGLAS WILLIAMS, GEORGE MAGEE and MICHELLE MCMAHON,<br><br>    Defendants. | No. 3:25-cv-00252-MPS |

**RULING ON MOTION TO DISMISS**

**I.    Introduction**

Plaintiff Jose A. Graciano Sr. ("Plaintiff") brings claims against Defendants Wynn Massachusetts, LLC d/b/a Encore Boston Harbor[1] ("Encore"), Jenny Holaday, Douglas Williams, George Magee, and Michelle McMahon (collectively, "Defendants") for racial discrimination in violation of Title VII, 42 U.S.C. § 2000e-2 ("Title VII") and 42 U.S.C. § 1981 ("Section 1981"); retaliation in violation of Title VII; wrongful termination in violation of Section 1981; and conspiracy to interfere with civil rights in violation of 42 U.S.C. § 1985 ("Section 1985"). ECF No. 37 (Second Amended Complaint).

Defendants have moved to dismiss Plaintiff's Second Amended Complaint on the grounds of: lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2); improper venue under Fed. R. Civ. P. 12(b)(3); and *res judicata,* collateral estoppel, statutes of limitations, and failure to state a claim

---

[1] Defendants note that the correct entity name is Wynn MA, LLC d/b/a Encore Boston Harbor. ECF No. 39 at 7 n.1.

1

upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). ECF Nos. 38 (Motion to Dismiss), 39 (Memorandum in Support).

Because venue in this Court is improper, I transfer this case to the District of Massachusetts under 28 U.S.C. § 1406.

**II.     Factual and Procedural History**

The following is taken from the allegations of Plaintiff's complaint, which I accept as true for the purposes of this ruling, and from Plaintiff's prior litigation, of which I take judicial notice. Plaintiff is a Latino man with over 35 years of experience in the casino industry who was employed by Encore. ECF No. 37 at 2. Plaintiff alleges that he was twice denied promotions in 2019 because of his race despite "being the most qualified candidate." *Id.* at 3. Plaintiff alleges that, in 2020, he was pressured to falsely accuse his colleague of fabricating a sexual harassment complaint. *Id.* Plaintiff alleges that, for refusing to comply, he was subjected to "reduced shifts, intensified scrutiny, and unwarranted criticism" in retaliation. *Id.* Plaintiff filed an internal retaliation complaint. *Id.* at 4. Plaintiff alleges that two weeks later, as retaliation for his complaint, he was suspended under the pretext of misconduct. *Id.* Plaintiff then filed complaints with the Massachusetts Commission Against Discrimination and the Equal Employment Opportunity Commission. *Id.* at 7, 9. Plaintiff alleges he was then fired in retaliation for filing those complaints. *Id.* at 4, 9.

In the United States District Court for the District of Massachusetts, Plaintiff brought claims for racial discrimination and retaliation under Title VII and Section 1981, as well as claims for emotional distress, based on facts similar to those alleged here, against many of the same

defendants.[2] 1:22-cv-12024-DJC[3] ECF Nos. 1 (Complaint), 24 (Amended Complaint). Plaintiff's emotional distress claims were dismissed with prejudice on a motion to dismiss. 1:22-cv-12024-DJC ECF No. 19. The Court granted summary judgment in favor of the defendants on all remaining counts. 1:22-cv-12024-DJC ECF No. 159.

After all of Plaintiff's claims had been dismissed in the District of Massachusetts case, Plaintiff filed this action in the District of Connecticut. *Compare* 1:22-cv-12024-DJC ECF No. 159 (January 28, 2025 Order) *with* ECF No. 1 (February 18, 2025 Complaint).

**III.   Discussion**

Lack of personal jurisdiction and improper venue are among the many grounds on which Defendants have moved to dismiss and, because those two grounds question whether Plaintiff may proceed in this Court at all, I turn to them first and, in particular, to venue, which I may address before personal jurisdiction. *Leroy v. Great W. United Corp.,* 443 U.S. 173, 180 (1979) ("[W]hen there is a sound prudential justification for doing so, we conclude that a court may reverse the normal order of considering personal jurisdiction and venue."). The venue question is straightforward, and addressing it first is the most efficient way to dispose of this case.

   A.   Legal Standard

The Federal Rules of Civil Procedure allow defendants to move for dismissal on the ground that the selected venue is improper. Fed. R. Civ. P. 12(b)(3). "When faced with a Rule 12(b)(3) motion to dismiss for improper venue, a plaintiff has the burden of showing that venue in the forum district is proper." *MacCallum v. New York Yankees P'ship*, 392 F. Supp. 2d 259, 262 (D. Conn.

---

[2] The defendants in the District of Massachusetts action were Wynn Massachusetts, LLC d/b/a Encore Boston Harbor, Douglas Williams, Cliff Perry, and George Magee. 1:22-cv-12024-DJC ECF No. 24 (Amended Complaint).
[3] Citations to the docket in the District of Massachusetts case are preceded by the docket number 1:22-cv-12024-DJC. Citations to the docket in this case are simply referred to by ECF No.

2005). "The court must take all allegations in the complaint as true, unless contradicted by the defendants' affidavits, and when an allegation is so challenged a court may examine facts outside the complaint to determine whether venue is proper. The court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff." *Indymac Mortg. Holdings, Inc. v. Reyad*, 167 F. Supp. 2d 222, 237 (D. Conn. 2001) (cleaned up).

"[M]aterial that is a matter of public record may be considered in a motion to dismiss." *Byrd v. City of N.Y.*, 2005 WL 1349876, at *1 (2d Cir. June 8, 2005). "The Court may take judicial notice of the record in litigation between the same parties." *Adams v. Yolen*, 2013 WL 12250380, at *2 n.3 (D. Conn. Dec. 5, 2013).

B.  <u>Venue</u>

Plaintiff's claims are subject to two different venue statutes. For Plaintiff's Title VII claims, venue is proper in any of the following four scenarios:

> [1] in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but [4] if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3); *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993) (Title VII's venue provision is 42 U.S.C. § 2000e-5(f)(3)).

Here, even construing Plaintiff's *pro se* complaint liberally, *Lerman v. Bd. of Elections*, 232 F.3d 135, 140 (2d Cir. 2000), I find that Plaintiff has failed to satisfy the venue requirements in 42 U.S.C. § 2000e-5(f)(3) with respect to his Title VII claims. First, with regard to where the unlawful employment practice was alleged to have been committed, Plaintiff alleges that he experienced racial discrimination and retaliation in Massachusetts, not Connecticut. ECF No. 37 at 6 ("[T]he

4

events giving rise to this action occurred during Plaintiff's employment in Massachusetts"). Second, considering where relevant employment records are maintained and administered, Plaintiff has not alleged that any relevant employment records are in Connecticut, and Plaintiff's former employer, Encore, is located in Massachusetts, not Connecticut. *Id.* Next, Plaintiff alleges he would have worked in Massachusetts, not Connecticut, but for the alleged unlawful employment practice. *Id.* at 5 ("Plaintiff relocated to Connecticut as a direct result of the retaliatory termination…"). Lastly, the fourth scenario is unavailable to Plaintiff because he has not demonstrated that the respondents are not "found" in Massachusetts. In fact, three of the Defendants were served in Massachusetts.[4] ECF No. 22 at 8, 10, 12 (Douglas Williams, George Magee, and Michelle McMahone served in Massachusetts). Accordingly, venue is proper for Plaintiff's Title VII claims only in Massachusetts. Because Plaintiff has failed to show that this case fulfills any of the four criteria under 42 U.S.C. § 2000e-5(f)(3), I find that venue is improper with respect to Plaintiff's Title VII claims.

> For Plaintiff's Section 1981 and Section 1985 claims, venue is proper in
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b); *Henneghan v. Smith*, 2011 WL 609875, at *2 (S.D.N.Y. Feb. 17, 2011) (venue for 42 U.S.C. §§ 1981, 1985 claims is governed by 28 U.S.C. § 1391).

---

[4] Proofs of service on Encore's registered agent and Jennifer Holaday did not include addresses at which those defendants were purportedly served. ECF Nos. 22 at 6; 23 at 4. Defendants contend that they are all "found" in Massachusetts. ECF No. 39 at 22 ("Encore does business in Massachusetts, where it was served via its registered agent, see ECF No. 19, and the Individual Defendants are residents of Massachusetts, who were served at their homes, see ECF Nos. 20-23").

Here, even construing Plaintiff's *pro se* complaint liberally, *Lerman*, 232 F.3d at 140, I find that Plaintiff has failed to satisfy the venue requirements in Section 1391(b) with respect to his Section 1981 and Section 1985 claims. Plaintiff has not alleged that any of the Defendants reside in Connecticut, and several of the Defendants appear to reside in Massachusetts, *see* ECF No. 21 at 8, 10, 12 (Douglas Williams, George Magee, and Michelle McMahone served in Massachusetts), thus making subsection (1) inapplicable. With respect to subsection (2), Plaintiff does not claim that *any* of the *events* giving rise to his claim occurred in Connecticut. Plaintiff's claims arise out of his employment at Encore in Massachusetts. ECF No. 37 at 2-3; *id.* at 6 ("[T]he events giving rise to this action occurred during Plaintiff's employment in Massachusetts"). Plaintiff's only allegations related to Connecticut are that he continues to experience harm in Connecticut *as a result of* the events giving rise to his claims. *Id.* at 2 ("Plaintiff resides in Connecticut and continues to experience economic, reputation, and emotional harm within this jurisdiction…"); *id.* at 5 ("Defendants' discriminatory and retaliatory actions, though originating in Massachusetts, were intentionally directed at Plaintiff, causing substantial and ongoing harm in Connecticut, where Plaintiff now resides."). Plaintiff's allegations of continued harm while living in Connecticut do not meet subsection (2)'s requirement that a "substantial part" of the underlying *events* occur in Connecticut for venue to be proper here. *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 356–57 (2d Cir. 2005) ("[T]he civil venue statute permits venue in multiple judicial districts as long as 'a substantial part' of the underlying events took place in those districts . . . We are required to construe the venue statute strictly. That means for venue to be proper, *significant* events or omissions *material* to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere.") (internal citations omitted) (emphasis in original). Finally, with respect to subsection (3), Plaintiff does not contend that there is no district in which

6

this action may otherwise be brought, nor could he, as the allegations make clear that the District of Massachusetts would be the proper venue here and Plaintiff has already brought most of these claims against many of the Defendants in the District of Massachusetts. 1:22-cv-12024-DJC ECF Nos. 1 (Complaint), 24 (Amended Complaint). Because Plaintiff has failed to show that this case meets any of the three conditions in 28 U.S.C. § 1391(b), I find that venue is improper with respect to Plaintiff's Section 1981 and Section 1985 claims.

Because I have found that venue is improper for all of Plaintiff's claims, I may either dismiss the case or transfer it to the District of Massachusetts, if transfer would be in the interest of justice. 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). "Whether dismissal or transfer is appropriate lies within the sound discretion of the district court." *Minnette*, 997 F.2d at 1026.

I find that it would be in the interest of justice to transfer this case to the District of Massachusetts instead of dismissing it. *Concession Consultants, Inc. v. Mirisch,* 355 F.2d 369, 371 n.3 (2d Cir. 1966) ("And where the motion asks only that the suit be dismissed, the court may properly, sua sponte, order it transferred."). First, as discussed above, this proceeding "could have been brought" in the District of Massachusetts. 28 U.S.C. § 1406(a). Second, given Plaintiff's *pro se* status and apparent lack of familiarity with venue rules, I find that transferring the case, thereby allowing it to proceed, would be preferable to the harsh remedy of dismissal. *See WorldCare Corp. v. World Ins. Co.*, 767 F. Supp. 2d 341, 368 (D. Conn. 2011) ("[T]ransfer of this action will promote judicial efficiency, allowing the plaintiff to proceed with its claim without re-filing its action and pleadings."); *Mirisch*, 355 F.2d at 371 n.3 (Section 1406(a) "provide[s] an alternate to the harshness of dismissal"). Third, although Defendants argue that this case should be dismissed

rather than transferred, ECF No. 39 at 24, Defendants concede that they are subject to personal jurisdiction Massachusetts. *Id.* at 22 ("Encore does business in Massachusetts, where it was served via its registered agent, *see* ECF No. 19, and the Individual Defendants are residents of Massachusetts, who were served at their homes, *see* ECF Nos. 20-23"). Fourth, the District Court in Massachusetts, having already adjudicated similar claims brought by Plaintiff against some of the same defendants, is in the best position to assess the Defendants' preclusion arguments.

Having exercised my discretion to transfer the case on venue grounds, I need not reach Defendants' remaining bases for its motion to dismiss under Fed. R. Civ. P. 12(b)(2) and 12(b)(6).

## IV. Conclusion

For the reasons set forth above, the Clerk is directed to transfer this case to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1406(a) and to close the case in this court. As such, Defendants' Motion to Dismiss, ECF No. 38, is DENIED as moot.

In light of this disposition, there is no reason for Plaintiff to file further litigation in this Court concerning his employment-related claims against these and any related defendants. Therefore, Plaintiff is warned that any further such filings may lead the court to impose a filing injunction against him with respect to such claims.

IT IS SO ORDERED.

/s/

Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
November 12, 2025