# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

JOSE A. GRACIANO, SR.,

*Plaintiff,*

v.

WYNN MASSACHUSETTS, LLC, d/b/a
ENCORE BOSTON HARBOR, JENNY
HOLADAY, DOUGLAS WILLIAMS,
GEORGE MAGEE, and MICHELLE
MCMAHON

*Defendants.*

Civil Action No. **1:25-cv-13645-DJC**
July 2, 2026

**PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e), WITH INCORPORATED MEMORANDUM OF LAW**

Plaintiff Jose A. Graciano, Sr., proceeding pro se, respectfully moves this Court pursuant to Fed. R. Civ. P. 59(e) to alter or amend the judgment dismissing this action with prejudice. Plaintiff seeks limited reconsideration only as to the retaliation claim and the application of claim preclusion to that claim. Plaintiff does not seek to relitigate the entire discrimination case.

**LOCAL RULE 7.1(a)(2) CERTIFICATION**

Pursuant to Local Rule 7.1(a)(2), Plaintiff certifies that he has attempted in good faith to confer with Defendants' counsel regarding the relief requested in this motion.

## I.    INTRODUCTION

This motion is narrow. Plaintiff respectfully requests reconsideration of the Court's dismissal with prejudice as applied to the retaliation claim because the record on which preclusion was applied was materially incomplete as to a central issue: whether Defendants had actual knowledge of Plaintiff's protected activity before the January 21, 2021, termination decision.

Plaintiff's position is not that the Court acted improperly or that every issue in the prior litigation should be reopened. Rather, Plaintiff submits that the retaliation claim should not have been treated as fully and fairly adjudicated where Plaintiff preserved a discovery dispute concerning redacted internal communications directly material to employer knowledge, protected activity, and termination timing.

The relevant distinction is between formal MCAD service and actual knowledge. Defendants and MCAD later emphasized that formal MCAD service occurred on or about January 26–27, 2021, after Plaintiff's termination. But Plaintiff contends that Defendants had actual knowledge weeks earlier, when Plaintiff's then-counsel sent a December 9, 2020, demand letter to George Magee stating that counsel represented Plaintiff, was investigating discrimination and retaliation claims, and would imminently file an MCAD charge. Internal communications show that this letter was forwarded internally to decision-makers and HR personnel, including Douglas Williams and Stephanie Acevedo, and later discussed with Legal/HR.

Because Plaintiff preserved a discovery dispute over redacted communications concerning that issue, and because the prior record did not clearly establish that those specific communications were produced unredacted, Plaintiff respectfully requests that the Court alter or amend the judgment under Rule 59(e), reconsider dismissal with prejudice as to the retaliation claim only, or alternatively clarify that the preserved discovery and retaliation-timeline issues remain preserved for appellate review.

## II.    PROCEDURAL AND FACTUAL BACKGROUND

1. On December 9, 2020, Plaintiff's then-counsel sent a letter to George Magee. The letter stated that counsel represented Plaintiff, was investigating discrimination and retaliation claims, and would imminently file a charge with the Massachusetts Commission Against Discrimination. See Exhibit A.

2. Internal communications from December 2020 show that the December 9 letter was forwarded internally and discussed by Defendants' personnel, including decisionmakers and HR personnel. The communications include Douglas Williams and Stephanie Acevedo and later show HR/Legal-related discussions concerning Plaintiff. See Exhibit B.

3. On November 4, 2020, before Plaintiff's termination, Employee Relations Counselor Stephanie Acevedo issued Plaintiff a memorandum titled "Allegations of Retaliation." The memorandum expressly acknowledged Plaintiff's "complaint of Retaliation from Upper Management within [his] department at Encore Boston Harbor" and stated that the matter had been investigated and addressed. See Exhibit C-1. This document is material because it shows that Defendants had actual knowledge of Plaintiff's internal retaliation complaint before the later adverse employment actions.

4. On November 18, 2020, Plaintiff notified senior Encore official Jenny Holaday that he had concerns about retaliation arising from his suspension. This evidence predates Plaintiff's January 21, 2021 termination and supports Plaintiff's position that the relevant retaliation issue was not limited to the later formal MCAD service date but included Defendants' actual knowledge of Plaintiff's retaliation concerns before termination. See Exhibit C.

5. Plaintiff was terminated on January 21, 2021.

6. Defendants and MCAD later emphasized the January 26-27, 2021, formal MCAD service date. Plaintiff respectfully submits that formal administrative service is legally distinct from actual knowledge of protected activity.

7. In the first Massachusetts action, Plaintiff filed a Second Motion to Compel seeking unredacted discovery and complete production of material communications. Plaintiff advised the Court that Defendants had produced materially redacted documents and incomplete responses and requested Court intervention so that relevant communications could be produced in complete and unredacted form before the close of discovery. See Exhibit D, Plaintiff's Second Motion to Compel, Dkt. 66.

8. Defendants opposed Plaintiff's Second Motion to Compel by arguing that the motion was moot because Defendants had produced "responsive, unredacted documents marked Confidential." See Exhibit E, Defendants' Opposition to Plaintiff's Second Motion to Compel, Dkt. 67.

9. Defendants' response, however, identified only broad Bates ranges. The February 5, 2024, production cover letter identified the broad range ENCORE_JG002470–4259 but did not establish that the specific December 2020 internal communications concerning Plaintiff's attorney letter, actual knowledge, termination timing, and the termination decision were produced unredacted. See Exhibit F.

10. On February 13, 2024, the Court denied Plaintiff's Second Motion to Compel as moot based on Defendants' attestation that the unredacted documents in question had been produced pursuant to the protective order. See Exhibit H, Electronic Order, Dkt. 68.

3

11. MCAD itself requested documents relating to the termination decision and asked whether Respondents had received Plaintiff's complaint before deciding to terminate him. That request confirms the materiality of employer knowledge and termination timing. See Exhibit G.

12. On February 13, 2024, the Court denied Plaintiff's Second Motion to Compel as moot based on Defendants' attestation that the unredacted documents in question had been produced pursuant to the protective order. See Exhibit G, Electronic Order, Dkt. 68. See Exhibit I.

**13.** Plaintiff respectfully submits that the preserved redaction issue concerned communications directly relevant to actual knowledge of protected activity and termination timing. Because those communications were material to the retaliation claim, Plaintiff respectfully submits that the retaliation claim should not be treated as fully and fairly developed for claim-preclusion purposes.

## III.    LEGAL STANDARD UNDER RULE 59(e)

Federal Rule of Civil Procedure 59(e) permits a party to move to alter or amend a judgment within 28 days after entry of judgment. Fed. R. Civ. P. 59(e).

The First Circuit has emphasized that Rule 59(e) relief is narrow. It is not a vehicle for rearguing matters already decided or presenting arguments that could have been raised earlier. Reconsideration is appropriate only in limited circumstances, including correcting a manifest error of law or fact, to consider newly discovered or previously unavailable evidence, or to prevent manifest injustice. See *Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005).*

Claim preclusion under First Circuit law generally requires: "(1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits." *Airframe Sys., Inc. v. Raytheon Co., 601 F.3d 9, 14 (1st Cir. 2010).*

Plaintiff acknowledges the demanding standard for Rule 59(e) relief. Plaintiff does not seek a broad reopening of the case. The requested relief is limited to correcting what Plaintiff respectfully

submits was an overly broad application of claim preclusion to the retaliation claim, where the prior record was materially incomplete as to actual knowledge and termination timing.

## IV.    ARGUMENT

The Motion Is Narrow and Does Not Seek to Relitigate the Entire Case.

Plaintiff does not ask the Court to reconsider every issue decided in the dismissal order. Plaintiff does not seek to relitigate the broader discrimination claims, nor does he ask the Court to revisit every factual or legal dispute from the prior proceedings.

The requested reconsideration concerns only the retaliation claim and only the application of claim preclusion to that claim. Specifically, Plaintiff asks the Court to consider whether the retaliation claim was barred too broadly where Plaintiff preserved a discovery dispute over redacted internal communications bearing directly on actual knowledge of protected activity and termination timing. This limited request fits within the narrow purpose of Rule 59(e). Plaintiff seeks correction of a manifest error or, alternatively, relief necessary to prevent manifest injustice arising from preclusion of a retaliation claim that Plaintiff contends was never fully and fairly developed due to unresolved discovery issues.

B. Actual Knowledge of Protected Activity Is Legally Distinct from Formal MCAD Service.

A retaliation claim turns on whether the plaintiff engaged in protected activity, whether the employer knew of that protected activity, whether the employer took an adverse action, and whether there was a causal connection between the protected activity and the adverse action. See, e.g., *Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 67–68 (2006).*

The timing issue in this case depends on actual knowledge, not merely formal administrative service. Defendants and MCAD later emphasized that formal MCAD service occurred on or about

January 26–27, 2021. Plaintiff was terminated on January 21, 2021. If the only relevant knowledge event were formal MCAD service, the retaliation timeline would appear different.

But Plaintiff's preserved argument is that Defendants had actual knowledge before termination. On December 9, 2020, Plaintiff's then-counsel sent a letter to George Magee stating that counsel represented Plaintiff, was investigating discrimination and retaliation claims, and would imminently file an MCAD charge. See Exhibit A. Internal communications show that the letter was forwarded to and discussed by decisionmakers and HR personnel, including Douglas Williams and Stephanie Acevedo, and later discussed with Legal/HR. See Exhibit B.

That distinction matters. An employer may have actual knowledge of protected activity before formal administrative service occurs. For retaliation purposes, the question is not limited to when an agency formally served a charge. The question is whether relevant employer personnel knew of protected activity before the adverse action and whether the timing supports a causal connection.

Here, the December 2020 communications bear directly on whether Defendants had actual knowledge before the January 21, 2021, termination. Those communications also bear on whether the termination decision was being discussed after Defendants became aware that Plaintiff was represented by counsel and pursuing discrimination and retaliation claims.

C. Plaintiff Preserved the Discovery Issue Through His Motion to Compel.

Plaintiff preserved the discovery issue in the first Massachusetts action by filing a Motion to Compel seeking unredacted discovery and complete production of material communications. See Exhibit C, Dkt. 66.

The discovery dispute was not collateral or immaterial. The communications at issue concerned the same factual sequence central to retaliation: December 9, 2020, attorney letter, internal forwarding

and discussion of that letter, the timing of the termination decision, and Defendants' knowledge before Plaintiff was terminated.

Plaintiff respectfully submits that this preserved dispute prevented the full development of the record on actual knowledge and timing. The issue was not merely whether some documents had been produced. The issue was whether the specific communications material to the retaliation timeline had been produced in unredacted form so that Plaintiff could fairly evaluate Defendants' asserted timeline and reasons for termination.

D. Defendants' Mootness Response Did Not Establish Production of the Specific Unredacted Communications at Issue.

Defendants opposed Plaintiff's Motion to Compel by arguing that the motion was moot because Defendants had produced "responsive, unredacted documents marked Confidential." See Exhibit D, Dkt. 67.

Plaintiff respectfully submits that this response did not resolve the preserved discovery issue. Defendants' filing identified broad Bates ranges, and the February 5, 2024, production cover letter identified the broad range ENCORE_JG002470–4259. See Exhibit E. But that broad reference did not establish that the specific December 2020 communications concerning the attorney letter, actual knowledge, termination timing, and the termination decision were produced unredacted.

This matters because the retaliation claim depended on the content and timing of those communications. If the communications reflected internal discussion of Plaintiff's attorney's letter, anticipated MCAD activity, and termination timing before January 21, 2021, they would be directly relevant to employer knowledge and causation. A broad assertion of production did not eliminate the need to determine whether the specific communications at issue were fully produced and usable in the prior proceeding.

7

MCAD's own request confirms the materiality of the issue. MCAD requested documents relating to the termination decision and asked whether Respondents had received Plaintiff's complaint before deciding to terminate him. See Exhibit F. That inquiry aligns with Plaintiff's position that employer knowledge and timing were central issues, not peripheral disputes.

E. Because the Redacted Communications Bear Directly on Retaliation Timing and Employer Knowledge, Claim Preclusion Should Not Have Been Applied So Broadly.

Plaintiff recognizes that claim preclusion serves important interests in finality and judicial economy. Plaintiff also recognizes that claim preclusion can apply even when a party seeks to bring claims in a later action that arise from the same transaction or series of connected transactions.

But preclusion also presupposes that the party had a full and fair opportunity to litigate the material issue. Plaintiff respectfully submits that the retaliation claim should not have been precluded so broadly because the record on actual knowledge and termination timing was materially incomplete due to a preserved discovery dispute.

The issue is not whether Plaintiff preferred a different outcome in the prior case. The issue is whether the retaliation claim was fully and fairly adjudicated where Plaintiff sought unredacted communications directly bearing on employer knowledge and timing, Defendants asserted mootness based on broad production ranges, and the record did not clearly establish that the specific December 2020 communications were produced unredacted.

The dismissal with prejudice in this action treated the retaliation claim as already fully adjudicated for preclusion purposes. Plaintiff respectfully submits that this was too broad as applied to retaliation. December 9, 2020, attorney letters and the subsequent internal communications could materially affect the retaliation analysis because they bear on whether Defendants had actual knowledge of protected activity before the January 21, 2021, termination.

Formal MCAD service on January 26-27, 2021, does not answer that question. If Defendants had actual knowledge of protected activity in December 2020, before termination, the retaliation timeline is materially different from one based only on formal service. Plaintiff's preserved discovery dispute concerned that precise issue.

Accordingly, Plaintiff respectfully requests that the Court alter or amend the judgment to allow limited reconsideration of the retaliation claim, or, at a minimum, clarify that Plaintiff's preserved discovery issue and retaliation-timeline issue remain preserved for appellate review.

## V.    CORE FINDINGS IN THE DISMISSAL ORDER THAT WARRANT RECONSIDERATION

Plaintiff respectfully submits that reconsideration is warranted as to Count II retaliation because the June 30, 2026, dismissal order treated the prior retaliation ruling as preclusive without addressing the narrower actual-knowledge and termination-timing issue raised by Plaintiff's current record.

The issue is not whether Plaintiff may relitigate the entire prior case. The issue is whether Count II retaliation should be dismissed with prejudice on claim-preclusion grounds where the record shows that Defendants had actual knowledge of Plaintiff's protected activity before the final termination decision and where Plaintiff preserved a discovery/redaction dispute concerning communications directly bearing on that issue.

Plaintiff further submits that the prior characterization of his internal complaint as merely a complaint about "favoritism" does not accurately reflect Plaintiff's position. Plaintiff did not characterize his complaint to Jenny Holaday as only "favoritism." Rather, Plaintiff complained that he was being subjected to unfair and retaliatory treatment, and the "favoritism" label was later used by Ms. Holaday or others in describing the issue. See Graciano Decl. ¶ 18. This distinction is

material because a defendant's or manager's later label should not control whether Plaintiff's protected activity was actually a retaliation complaint.

The prior retaliation ruling, as described in Defendants' own filing, rested on the conclusion that Plaintiff failed to show a causal connection between the MCAD complaint and his termination, and that internal complaints about "favoritism" were not protected activity. Plaintiff respectfully submits that this framing overlooks the specific evidence now identified in the Rule 59(e) record: Plaintiff did not merely complain about favoritism, and Defendants' knowledge was not limited to formal MCAD service after termination.

On November 4, 2020, Employee Relations issued Plaintiff a memorandum titled "Allegations of Retaliation," expressly acknowledging Plaintiff's complaint of retaliation from upper management within his department. See Exhibit C-1. On November 18, 2020, Plaintiff emailed Jenny Holaday and stated that he had voiced his concern about retaliation toward him. See Exhibit C. On December 9, 2020, Plaintiff's then-counsel sent a letter to George Magee stating that counsel represented Plaintiff, was investigating discrimination and retaliation claims, and would imminently file an MCAD charge. See Exhibit A. Internal Encore communications show that the attorney's letter was then forwarded internally to decisionmakers, Human Resources, and legal personnel. See Exhibit B.

Most importantly, the December 21, 2020, internal communication asked whether Encore had spoken with Plaintiff's attorney and whether Encore was "able to terminate Jose at this time." See Exhibit B. Plaintiff respectfully submits that this language is material because it supports a reasonable inference that termination was not already a completed, final, and irreversible decision before Defendants had actual knowledge of Plaintiff's protected activity. Rather, it shows that

Defendants were still evaluating whether they could terminate Plaintiff after learning of his retaliation complaint and attorney involvement.

## VI. CORE FINDINGS IN THE DISMISSAL ORDER THAT WARRANT RECONSIDERATION

Plaintiff recognizes that an employer may proceed with a genuinely pre-existing, final, and independently supported employment decision. See Clark County School District v. Breeden, 532 U.S. 268, 272 (2001). But Breeden does not hold that an employer defeats causation merely by stating that termination had been discussed, considered, drafted, recommended, or contemplated before the final termination occurred. Breeden involved an employer that was already contemplating the challenged employment action before it learned of the protected activity. Id. Plaintiff respectfully submits that this case is materially different because the record shows actual knowledge of protected activity before January 21, 2021, and before the final termination decision was carried out.

The First Circuit recognizes that a retaliation claim requires protected activity, an adverse employment action, and a causal connection. See Pina v. Children's Place, 740 F.3d 785, 801 (1st Cir. 2014). Title VII retaliation requires but-for causation, but but-for causation does not mean that retaliation must be the only cause. See Univ. of Texas Sw. Med. Ctr. v. Nassar, 570 U.S. 338, 360 (2013). Plaintiff respectfully submits that where the record contains actual knowledge, close timing, attorney involvement, and internal communications asking whether termination could proceed "at this time," causation should not have been treated as conclusively resolved against Plaintiff through claim preclusion and dismissal with prejudice.

Plaintiff further submits that the "previously contemplated termination" rationale is not enough to dispose of Count II at the pleading or reconsideration stage. A contemplated, recommended, or drafted employment action is different from a final, independent, irreversible termination decision.

11

The Court should not treat the retaliation issue as resolved merely because the prior record described one internal complaint as "favoritism." Plaintiff respectfully submits that this label was not Plaintiff's characterization of his complaint. Plaintiff's concern to Ms. Jenny Holaday was retaliation and unfair treatment, and the November 4, 2020 Employee Relations memorandum separately confirms that Employee Relations understood Plaintiff had made a complaint of "Retaliation from Upper Management." See Exhibit C-1. Accordingly, the record should not be reduced to a non-protected "favoritism" complaint where the company's own memorandum acknowledged a retaliation complaint.

December 21, 2020, email directly undermines any assumption that the termination decision had already become final before Defendants knew of Plaintiff's protected activity.

Accordingly, Plaintiff respectfully requests that the Court alter or amend the judgment as to Count II retaliation. At a minimum, Plaintiff requests that the Court clarify that the actual-knowledge and termination-timing issue is preserved for appellate review, including whether Defendants' alleged prior contemplation of termination was sufficient to defeat causation where the record shows protected activity and actual knowledge before the final termination.

## VII.    CONCLUSION

For the foregoing reasons, Plaintiff Jose A. Graciano, Sr. respectfully requests that the Court:

Alter or amend the judgment under Fed. R. Civ. P. 59(e).

Plaintiff further requests reconsideration of the dismissal of Count II because the record supports a reasonable inference that Defendants had actual knowledge of Plaintiff's protected activity before the final termination decision, and because merely contemplating termination is not the same as making a final, independent decision before protected activity.

Reconsider dismissal with prejudice as to the retaliation claim only.

Find that the preserved discovery dispute concerning redacted December 2020 communications

bears on actual knowledge of protected activity and termination timing.

Alternatively, clarify that Plaintiff's preserved discovery issue and retaliation-timeline issue

remain preserved for appellate review; and

Grant such other relief as the Court deems just and proper.


Respectfully submitted,
*/s/ Jose A. Graciano, Sr.*
Jose A. Graciano, Sr.
Plaintiff, Pro Se
20 Tremont St
Waterford, CT
401-500-6506
jjgraciano07@hotmail.com
Dated: July 2, 2026


## CERTIFICATE OF SERVICE

I, Jose A. Graciano, Sr., certify that on July 2, 2026, I served a true and correct copy of the foregoing Plaintiff's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e), with Incorporated Memorandum of Law, together with any exhibits filed therewith, upon counsel of record for Defendants through the Court's CM/ECF system and/or by other authorized means.


Jose A. Graciano
20 Tremont Street
Waterford, CT 06385
jjgraciano07@hotmail.com
Tel: (401)500-6506

*/s/ José A. Graciano Sr. Pro Se*